**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LAWRENCE S. BONNER,

              Plaintiff,

    v.

CARLOS LEON, et al.,

              Defendants.

Case No. 2:13-cv-1858-APG-VCF

**ORDER REMANDING CASE TO STATE COURT**

(Doc. #33)

## I.     SUMMARY

Before the Court is Plaintiff Lawrence Bonner's Petition for Remand for lack of jurisdiction. (Doc. #33.) The Court has also considered the opposition filed by Defendants American Bankers Insurance Company of Florida ("American Bankers"), American Collectors Insurance, Inc. ("American Collectors"), and Assurant, Inc. ("Assurant")(collectively "Insurance Defendants") (doc. #35), and Plaintiff's reply (doc. #36). For the reasons discussed below, the motion is granted in part and denied in part.

## II.    BACKGROUND

The following facts are taken from Plaintiff's Complaint. In 2010, Plaintiff, a long-time classic car enthusiast, delivered a 1964 Chevy Nova to Nevada Defendant C&H Soda Blasting ("C&H") for automotive restoration and repair. Nevada Defendants Carlos and Carla Leon (collectively "Leon Defendants") own C&H.[1] Although there was no written estimate for the work, Plaintiff was satisfied with the verbal estimates of cost and length of time for the repairs. Over the course of time, Plaintiff made several payments for the car repair, and gave personal loans to the Leon Defendants, to facilitate timely repair. Plaintiff expected the repairs to take one year.

---

[1] The Court refers to C&H and the Leon Defendants collectively as the "Mechanic Defendants."

1    In 2011, Plaintiff grew concerned that Mr. Leon was not working on the car and

2    demanded that Mr. Leon return the vehicle regardless of the state of completion. On March 14,

3    2012, after Plaintiff's multiple attempts to retrieve the vehicle and Mr. Leon's numerous false

4    promises that it would be returned, Plaintiff filed a police report detailing the surrounding events.

5    The police department advised Plaintiff to file a lawsuit to retrieve the car.

6    On March 15, 2012, after filing the police report, Plaintiff contacted Insurance Defendants

7    about Mr. Leon's actions. However, Insurance Defendants refused to allow Plaintiff to make a

8    claim. Insurance Defendants told Plaintiff that the police department's lack of involvement was

9    evidence that the car was not stolen. Thus, Plaintiff focused his efforts on Mr. Leon to attempt to

10    retrieve the car.

11    In July 2012, Carlos Leon filed for bankruptcy.[2] At this point, fearful that the car would be

12    implicated in the bankruptcy, Plaintiff enlisted the services of a law firm.  However, Mr. Leon

13    still did not return the car. Plaintiff assumed that Mr. Leon sold, abandoned, destroyed, lost, or

14    converted the car. Thus, around February 2013, the law firm then sent a letter to Insurance

15    Defendants requesting that Plaintiff be allowed to file a claim. Insurance Defendants again

16    refused to allow Plaintiff to make a claim. Over the course of multiple communications extending

17    well into April 2013, Insurance Defendants would not allow Plaintiff to make a claim, nor did

18    they undertake any investigation. Instead, Insurance Defendants told Plaintiff to make another

19    police report, get the police to investigate the vehicle as stolen, or call it stolen in the police

20    report. Plaintiff's attorneys again attempted to retrieve the vehicle from Mr. Leon to no avail.

21    On August 8, 2013, Plaintiff sued the Leon and Insurance Defendants in Nevada state

22    court.  The claims against the Leon Defendants assert deceptive trade practices, breach of

23    contract, breach of the implied covenant of good faith and fair dealing, conversion, civil RICO,

24    intentional misrepresentation, and unjust enrichment. Plaintiff seeks money damages and a

25

26    _____

27    [2] The Court takes judicial notice that Carlos Leon, formerly doing business as C&H Soda Blasting, Inc., and Carmen Leon filed a voluntary Chapter 13 bankruptcy petition on May 4, 2012, and the 5-year plan was confirmed on May 12, 2014. *See generally In re Leon*, No: 12-15399-mkn (Bankr. D. Nev.).

28

2

preliminary injunction for the return of the vehicle, or information of the location of the vehicle and its state of repair.

The claims against the Insurance Defendants assert breach of contract, breach of the implied covenant of good faith and fair dealing, unfair claims practices, and unjust enrichment. Plaintiff seeks money damages and declaratory relief.

Insurance Defendants removed the case to this Court based on both diversity jurisdiction and federal question (based on the Leon Defendants' pending bankruptcy case under 28 U.S.C. § 1334(a)).  Plaintiff now moves to remand the case arguing the Mechanic Defendants' presence in the suit destroys complete diversity, and the pending bankruptcy does not vest this court with jurisdiction.

## III.    MOTION TO REMAND

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court.  28 U.S.C. § 1441(a).  When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Federal district courts have diversity jurisdiction over cases in which there is (1) complete diversity of citizenship among opposing parties and (2) the amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).

When a debtor files a bankruptcy petition, an automatic stay immediately arises. 11 U.S.C. § 362(a). The scope of the stay is quite broad. *In re Stringer*, 847 F.2d 549, 551 (9th Cir. 1988). The automatic stay precludes and nullifies post-petition actions, judicial or nonjudicial, in nonbankruptcy against the debtor or affecting the property of the estate. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993). This includes all claims "that [were] or could have been commenced before the commencement of the [bankruptcy] case . . . , or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case. . . ." 11 U.S.C. § 362(a)(1). Any claim made in violation of the automatic stay is void *ab initio*. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A court may *sua sponte* consider

1    whether an action is taken in violation of the automatic stay. *O'Donnell v. Vencor Inc.*, 466 F.3d

2    1104, 1110 (9th Cir. 2006).

3         Based on the allegations in the Complaint, all the acts giving rise to Plaintiff's claims

4    against the Leon Defendants happened prior to the Leon Defendants' bankruptcy petition and

5    could have been commenced before the Leon Defendants filed the bankruptcy case. Plaintiff's

6    claims for deceptive trade practices, breach of contract, breach of the implied covenant of good

7    faith and fair dealing, conversion, civil RICO, intentional misrepresentation, and unjust

8    enrichment were ripe no later than the moment that Plaintiff filed his police report. It is of no

9    consequence that Plaintiff only enlisted the services of an attorney and continued to try and

10   retrieve the car after the bankruptcy filing. Moreover, contrary to Plaintiff's argument, the claims

11   most certainly implicate the bankruptcy estate because Plaintiff seeks compensatory and punitive

12   money damages, not just return of the vehicle or proceeds directly traceable to the vehicle. Thus,

13   because the claims implicate the bankruptcy estate, and because the claims arose, ripened, and

14   could have been commenced before the bankruptcy filing, the claims against the Leon Defendants

15   violate the automatic stay and are void. The claims against the Leon Defendants are dismissed.

16   Because the claims are void *ab initio*, they cannot trigger the Court's jurisdiction under 28 U.S.C.

17   § 1334(a), and diversity jurisdiction is the only remaining possible basis for removal.

18        As a resident of Nevada, C&H's presence in this case destroys diversity. However, if I

19   sever this case in the manner proposed by the Insurance Defendants, the remaining case will be

20   comprised solely of defendants who are not residents of Nevada, and the Court will therefore

21   have diversity jurisdiction. Defendants cite to *Greene v. Wyeth*, 344 F.Supp.2d 674 (D. Nev.

22   2004) to argue that the claims against C&H have been procedurally misjoined.  Defendants

23   contend that the factual basis for the claims against the Mechanic Defendants is separate and

24   distinct from the claims against the Insurance Defendants, and therefore severance C&H is

25   warranted.

26        In *Greene*, the court severed misjoined claims against the non-diverse defendants because

27   "the joinder [was] procedurally inappropriate." *Id.* at 685. *Id.*  In that case—a products liability

28   suit against a drug manufacturer—the plaintiffs also sued the prescribing physician and a drug

1    sales representative, both of whom were non-diverse.  The court relied on well-established

2    authority that ingestion of a drug by all plaintiffs could not alone constitute the same transaction

3    or occurrence to warrant permissive joinder. *Id.* at 683.  Because the joinder "clearly

4    accomplishe[d] no other objective than the manipulation of the forum, and where the rights of the

5    parties and interest of justice [were] best served by severance," "the interests of judicial

6    expediency and justice weigh[ed] in favor of severance." *Id.* at 685.  Thus, the court exercised its

7    Rule 21 authority to add or drop parties to a suit "at any stage of the action and on such terms as

8    are just," and severed and remanded the claims against the non-diverse defendants. *Id.* at 683–85.

9         Although *Greene* was decided nearly 10 years ago, the Ninth Circuit still has not taken up

10   the issue of "fraudulent misjoinder."[3] As was the case 10 years ago, there remains a split of

11   authority regarding whether federal courts recognize procedural misjoinder as a basis for removal

12   jurisdiction. *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Prac. & Prods. Liability. Lit.*,

13   779 F. Supp. 2d 846, 854 (S.D. Ill. 2011).  Courts disagreeing with fraudulent misjoinder as a

14   basis for removal cite the narrow construction that must be applied to removal, its procedural

15   complexity, and the lack of clarity governing its standards. *See id.* Many of these courts opine that

16   the better approach is for parties to seek severance in state court prior to removal. *Id.*

17        I do not need to reach the question of whether severance is warranted because this case is

18   distinguishable from *Greene*.  In *Greene* the claims clearly did not arise from the same factual

19   transaction or occurrence.  Here, there is a colorable argument that all the claims relate to the

20   same following facts: the Mechanic Defendants wrongfully withheld the car from the Plaintiff,

21   Plaintiff filed the police report, and the Insurance Defendants repeatedly refused to acknowledge

22   or investigate the police report.  These arguably constitute the same series of occurrences,

23

24        [3] Unlike fraudulent joinder, which requires dismissal of an untenable claim against a non-
     diverse defendant, the term "fraudulent misjoinder" has been coined to explain a standard by
25   which courts may gauge whether severance of improperly joined parties is warranted. *See, e.g.*
     *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other
26   grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Severance where there
     is a "fraudulent misjoinder" is new and not universally applied. *See Burns v. Western Southern*
27   *Life Ins. Co.*, 298 F. Supp. 2d 401, 402 (S.D.W.Va.2004) (citing 14B Charles Alan Wright &
     Arthur R. Miller, Fed. Prac. & Pro. § 3723 (3rd ed. 2003); Robert A. Weems, Mississippi Law of
28   Torts § 21:3 (2003)).

1  justifying joinder. Although not all the occurrences overlap, some may. For example, the

2  interpretation of the insurance contract may turn on whether the car was actually stolen, and that

3  likely implicates the underlying actions of C&H. Moreover, whereas in *Greene* the joinder clearly

4  accomplished no other objective than manipulation of the forum, here joinder may allow for

5  judicial efficiency and complete vindication of rights. Therefore, it is not abundantly clear that the

6  claims against C&H are misjoined, the joinder's objective was manipulation of the form, or that

7  severing the claims would be just.

8       Accordingly, I find that the claims against C&H were not clearly misjoined. As C&H's

9  presence in this lawsuit destroys diversity, the court lacks jurisdiction over the case.  I remand it

10  back to the state court.

11  **IV.     REQUEST FOR ATTORNEYS' FEES**

12       In conjunction with his Motion to Remand, Plaintiff requests the Court award him the fees

13  and costs incurred as a result of Defendants' removal. 28 U.S.C. § 1447(c). "Absent unusual

14  circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

15  lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

16  reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

17  141 (2005) (citations omitted).

18       Defendants' removal was not objectively unreasonable. Considering that at least one

19  judge in this district has recognized procedural misjoinder and the Ninth Circuit has not

20  definitively ruled on the matter, Defendants' arguments were warranted by existing law or, at a

21  bare minimum, by a nonfrivolous argument for extending or modifying existing law or for

22  establishing new law.  Therefore, I decline to award fees.

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

1

## V.   CONCLUSION

2          IT IS THEREFORE ORDERED that Plaintiff Lawrence Bonner's Petition for Remand is

3    GRANTED in part, and DENIED in part. The Clerk of the Court is directed to REMAND and

4    close this case.

5          DATED THIS 16th day of July, 2014.

6

7                                                     _____
                                                      ANDREW P. GORDON
8                                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28