UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAWRENCE S. BONNER,<br><br>  Plaintiff,<br><br>v.<br><br>CARLOS LEON, et al.,<br><br>  Defendants. | Case No. 2:13-cv-1858-APG-VCF<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATOIN**<br><br>(Dkt. no. 39) |

Defendants American Bankers Insurance Company of Florida ("American Bankers"), American Collectors Insurance, Inc. ("American Collectors"), and Assurant, Inc. ("Assurant")(collectively "Insurance Defendants") have filed a motion to reconsider my Order remanding this case to state court. (Doc. #39). Because this motion has no merit, I do not require a response from Plaintiff. The motion is denied.

## I. BACKGROUND

The facts of this case are detailed in my prior Order (Dkt. #38) and will not be repeated herein except to provide context for the present motion. In 2010, plaintiff Lawrence Bonner delivered a 1964 Chevy Nova to defendant C&H Soda Blasting, Inc. ("C&H") for automotive restoration and repair. Defendants Carlos and Carla Leon (collectively "Leon Defendants") owned C&H. In July 2012, the Leon Defendants filed a Chapter 13 bankruptcy petition.[1] The petition required them to list "all other names used by the debtor." They wrote that they had formerly done business as C&H Soda Blasting, Inc.

On August 8, 2013, Plaintiff sued the Leon Defendants, C&H, and the Insurance Defendants in Nevada state court. The Insurance Defendants removed the case to this Court based on diversity jurisdiction, arguing that the claims against the Leon Defendants and C&H

---

[1] The five-year plan was confirmed on May 12, 2014. *See generally In re Leon*, No: 12-15399-mkn (Bankr. D. Nev.).

were misjoined. They also asserted that federal question jurisdiction existed based on the Leon Defendants' pending bankruptcy case under 28 U.S.C. § 1334(a). In resolving Bonner's subsequent motion to remand, I dismissed the claims against the Leon Defendants, ruling that those claims were void *ab initio* because they were filed in violation of the automatic stay. (Doc. #38, at p. 4.) Therefore, the claims against the Leon Defendants could not be the basis for federal question jurisdiction. (*Id.*) I also ruled that the claims against C&H were not clearly misjoined, and C&H's presence destroyed diversity. (*Id.* at p. 6.) Thus, I remanded the case to state court.

The Insurance Defendants now seek reconsideration, arguing that I should have treated C&H as the "alter ego of the Leon Defendants (or, at least, Carlos Leon)," because C&H was identified by Carlos Leon "as another name used by the debtors" on the Chapter 13 petition. (Doc. #39, at p. 2.) The Insurance Defendants reason that "the automatic stay should, therefore, equally apply to C&H," and "the claims against C&H should be dismissed for the same reasons the claims were dismissed against the Leon Defendants." (*Id.*) Based on that faulty reasoning, the Insurance Defendants conclude that once I dismiss C&H, the Court will have "diversity jurisdiction over the remaining parties." (*Id.*)

## II.    LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

A motion for reconsideration must set forth some valid reason why the court should revisit its prior order, and facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). It is not appropriate for a party to raise a new argument on a motion for reconsideration. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

### III. MOTION FOR RECONSIDERATION

The Insurance Defendants fail to offer any reason, facts, or law of a "strongly convincing nature" that would justify revisiting my prior order. In fact, the Insurance Defendants have failed to include any relevant authority whatsoever to support their request.[2] This failure, by itself, justifies denial of the motion. However, in the interest of judicial efficiency and justice, I have considered the Insurance Defendants' new arguments and again determine that C&H is still properly present in this lawsuit, C&H's presence destroys diversity, and the case must be remanded.

A chapter 13 bankruptcy petition can be filed only by individuals, not corporations. 11 U.S.C. § 109(3)("Only an individual . . . may be a debtor under chapter 13 of this title.") One narrow exception to this rule is for sole proprietorships, in that the law would "permit the small sole proprietor, for whom a chapter 11 reorganization is too cumbersome a procedure, to proceed under chapter 13." H. R. Rep. No. 595, 95th Cong., 1st Sess. 320 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 6277.

On the bankruptcy petition, Carlos Leon identified C&H as an assumed name, or dba, of Carlos Leon. But the company was not registered as such with the State of Nevada. To the contrary, C&H was registered with the State of Nevada as a legal corporation, separate and apart from the Leon Defendants individually. *See* Compl., Doc. #1, Ex. 1, at ¶ 5. This is confirmed by the Nevada Secretary of State's website, which lists C&H Soda Blasting as a "Domestic Corporation" (albeit now permanently revoked) with filed Articles of Incorporation and officers. *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was undisputed). Moreover, the Insurance Defendants' current contention that C&H is somehow a part of the Leon's voluntary bankruptcy petition is belied by their Motion for Removal, wherein they assert "*Mr. and Mrs. Leon filed* a voluntary petition." *See* Defs.' Mot. For Removal, Doc. #1,

---

[2] The only citation to authority relates to the Court retaining jurisdiction to entertain the reconsideration request. *See* Doc. #39, at p. 2 n.2.

at 9 (emphasis added). At most, Carlos Leon mistakenly listed C&H as an alias on the petition. I am not bound to take his mistaken assertion as true, especially in the face of contrary law and fact.

The foundation underlying the Insurance Defendants' argument is incorrect. C&H is a corporate entity separate and distinct from Carlos Leon. Because C&H is not a sole proprietorship, the automatic stay in the Leon bankruptcy cannot apply to C&H. C&H remains a party to this lawsuit, and its presence destroys diversity. Thus, I deny the motion; the remand Order stands.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Insurance Defendants' Motion for Reconsideration (Dkt. #39) is DENIED.

DATED THIS 28th day of July 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4